UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:22-CV-24192-GAYLES

MARTIN HABERER SABAH,

    Plaintiff,

v.

ALISSA L. EMMEL, Chief of the Immigration
Investor Program Office (IPO), ALEJANDRO
MAYORKAS, Secretary of the Department
of Homeland Security (DHS), UR M. JADDOU,
Director of U.S. Citizenship and Immigration
Services (USCIS), and Their Successors in
Office,

    Defendants.
_____/

## ORDER

**THIS CAUSE** comes before the Court upon Defendants' Motion to Dismiss Plaintiff's Complaint (the "Motion"). [ECF No. 14]. The Court has reviewed the Motion and the record and is otherwise fully advised. For the reasons set forth below, the Motion is **GRANTED**.

### BACKGROUND

On December 23, 2022, Plaintiff Martin Haberer Sabah ("Plaintiff") filed a Petition for Writ of Mandamus (the "Complaint") against Defendants Alissa L. Emmel, Chief of the Immigrant Investor Program Office (IPO), Alejandro Mayorkas, Secretary of the Department of Homeland Security (DHS), and Ur M. Jaddou, the Director of U.S. Citizenship and Immigration Services ("USCIS") (collectively "Defendants"). [ECF No. 1]. Plaintiff alleges that Defendants have unreasonably delayed the adjudication of his I-562 Immigrant Petition by Alien Entrepreneur (the

"Petition") that was filed with USCIS on November 6, 2019.[1] *Id.* ¶¶ 19-20. As a result, Plaintiff asks the Court to compel Defendants to act pursuant to the Mandamus Act and the Administrative Procedure Act ("APA").

On March 6, 2023, Defendants moved to dismiss the Complaint arguing lack of subject matter jurisdiction and failure to state a claim. [ECF No. 14]. Specifically, Defendants assert that this Court lacks the jurisdiction to compel Defendants to act under the Mandamus Act because there is no duty for adjudication by a mandatory deadline. Furthermore, Defendants argue that Plaintiff failed to show an unreasonable delay in the adjudication of his Petition and, thus, cannot state a claim under the APA.[2]

**LEGAL STANDARD**

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). Courts must determine whether subject matter jurisdiction exists. *Cadet v. Bulger*, 377 F.3d 1173, 1179 (11th Cir. 2004). "It is to be presumed that a cause lies outside this limited jurisdiction . . . and the burden of establishing the contrary rests upon the party asserting jurisdiction . . . ." *Kokkonen*, 511 U.S. at 377 (citations omitted).

A motion to dismiss for lack of subject matter jurisdiction brought pursuant to Federal Rule of Civil Procedure 12(b)(1) can be based on a facial or factual challenge to the complaint. *Carmichael v. Kellogg, Brown & Root Servs., Inc.*, 572 F.3d 1271, 1279 (11th Cir. 2009). On a

---

[1] The Petition is based on Plaintiff's investment in an EB-5 project. The project is a part of USCIS's EB-5 Immigrant Investor Program under which investors are eligible to apply for lawful permanent residence if they make the necessary investment in a commercial enterprise in the United States and plan to create or preserve ten permanent full-time jobs for qualified U.S. workers. *EB-5 Immigrant Investor Program*, U.S. CITIZENSHIP AND IMMIGRATION SERVS., https://www.uscis.gov/working-in-the-united-states/permanent-workers/eb-5-immigrant-investor-program (last visited Oct. 12, 2023).

[2] On October 4, 2023, Defendants filed a Notice of Administrative Action informing the Court that since the filing of their Motion to Dismiss, USCIS issued Plaintiff a Request for Evidence ("RFE") with respect to his Petition. [ECF No. 21]. USCIS indicated that once it receives Plaintiff's response to the RFE, it will need approximately 90 days to adjudicate his Petition.

2

facial challenge, a court is required only to determine if the plaintiff "has sufficiently alleged a basis of subject matter jurisdiction . . . ." *McElmurray v. Consol. Gov't of Augusta-Richmond Cnty.*, 501 F.3d 1244, 1251 (11th Cir. 2007) (quoting *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990) (per curiam)). In doing so, "the court must consider the allegations in the plaintiff's complaint as true." *Williamson v. Tucker*, 645 F.2d 404, 412 (5th Cir. 1981). By contrast, a factual attack challenges "the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings . . . are considered." *McElmurray*, 501 F.3d at 1251 (quoting *Lawrence*, 919 F.2d at 1529).

Furthermore, to survive a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" meaning that it must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While a court must accept well-pleaded factual allegations as true, "conclusory allegations . . . are not entitled to an assumption of truth—legal conclusions must be supported by factual allegations." *Randall v. Scott*, 610 F.3d 701, 709–10 (11th Cir. 2010).

## DISCUSSION

**I.     Mandamus Act**

"The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361 (2018). "Mandamus is appropriate only if (1) the plaintiff has a clear right to the relief requested; (2) the defendant has a clear duty to act; and (3) no other adequate remedy is available. The party seeking mandamus has the burden of demonstrating that

his right to the writ is clear and indisputable." *Serrano v. U.S. Atty. Gen.,* 655 F.3d 1260, 1263 (11th Cir. 2011) (internal citation omitted). "Mandamus is an extraordinary remedy which should be utilized only in the clearest and most compelling of cases." *Cash v. Barnhart*, 327 F.3d 1252, 1258 (11th Cir. 2003) (quoting *Carter v. Seamans*, 411 F.2d 767, 773 (5th Cir. 1969)). Furthermore, "[t]he first and second factors required for the entry of a writ of mandamus are related in this case, where the question of Defendants having a clear duty determines in large part whether plaintiff clearly has a right to the relief sought." *Osechas Lopez v. Mayorkas*, No. 22-CIV-21733, 2023 WL 152640, at * 3 (S.D. Fla. Jan. 10, 2023).

Plaintiff contends that, pursuant to 8 U.S.C. § 1571(b), Defendants have a duty to timely adjudicate his Petition yet failed to do so, and that, therefore, he is entitled to mandamus relief. Section 1571(b) provides: "It is the sense of Congress that the processing of an immigration benefit should be completed not less than 180 days after the initial filing of the application." 8 U.S.C. § 1571(b). The Eleventh Circuit has held that "should" is "permissive, rather than mandatory, language." *Lambert v. Austin Ind.*, 544 F.3d 1192, 1196 (11th Cir. 2008); *see Osechas,* 2023 WL 152640, at *3. Thus, the language of § 1571(b) "merely expresses Congress's sense of the adjudicative process[], and does not indicate that USCIS has a plainly prescribed duty to adjudicate a petition within any specific time frame." *Osechas*, 2023 WL 152640, at *3 (internal quotations omitted). Here, Plaintiff has not demonstrated a clear right to the relief requested because Defendants have no duty to adjudicate his Petition within a prescribed timeframe. Thus, Plaintiff fails to establish the first and second factors for mandamus relief.

Plaintiff's mandamus claim fails under the third factor as well because, "another adequate remedy exists pursuant to the APA." *Id.* at *4. "The availability of relief under the [APA] . . . forecloses a grant of a writ of mandamus." *Hollywood Mobile Estates Ltd. v. Seminole Tribe of*

4

*Fla.*, 641 F.3d 1259, 1268 (11th Cir. 2011). Therefore, this Court lacks the jurisdiction under the Mandamus Act to compel Defendants to act in this case.

## II. The APA

Plaintiff also contends that Defendants' delay in the adjudication of his Petition is unreasonable and, thus, relief is warranted under the APA. "A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute" may seek judicial review, and federal courts may "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. §§ 702, 706(1) (2018). Furthermore, Congress has required agencies to conclude matters "within a reasonable time." 5 U.S.C. § 555(b) (2018). However, "a claim under § 706(1) can proceed only where a plaintiff asserts that an agency failed to take a discrete agency action that it is required to take." *Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 64 (2004). In addition, there must be a "showing of prejudice before agency action can be set aside for its lack of punctuality." *King v. Nat'l Transp. Safety Bd.*, 766 F.2d 200, 202 (5th Cir. 1985).

Although Plaintiff is entitled to adjudication of his Petition, as discussed above, 8 U.S.C. § 1571(b) does not require that USCIS adjudicate I-526 petitions within 180 days. Therefore, USCIS's failure to adjudicate Plaintiff's Petition within 180 days is not a *per se* violation of his right to timely adjudication. Plaintiff's Petition had been pending for 37 months at the time the Complaint was filed. Several courts have held that similar delays are not unreasonable. *See Otto v. Mayorkas*, No. 22-cv-1172-WFS-SPF, 2023 WL 2078270, at *2, 5 (M.D. Fla. Feb. 17, 2023) ("At the time this action was filed, Plaintiff's I-526 petition had been pending for 35 months, save the time when the USCIS placed all I-526 petition adjudications on hold."); *Ghadami v. Dep't of Homeland Sec.*, No. 19-0397, 2020 WL 1308376, at *8 (D.D.C. Mar. 19, 2020) ("[M]any courts

evaluating similar delays have declined to find a two-year period to be unreasonable as a matter of law."); *Skalka v. Kelly*, 246 F. Supp. 3d 147, 153–54 (D.D.C. 2017) (citing case law that found four, five, and ten-year delays in the immigration context not unreasonable); *Fangfang Xu v. Cissna*, 434 F. Supp. 3d 43, 55 (S.D.N.Y. 2020) (finding that a three-year delay "is well within the range of time that other courts have found to not constitute unreasonable delay"); *Yavari v. Pompeo*, No. 19-02524, 2019 WL 6720995, at *8 (C.D. Cal. Oct. 10, 2019) (noting that immigration delays "between three to five years are often not unreasonable"). Based on the alleged facts, the Court finds that Plaintiff has not shown there has been an unreasonable delay.

Even if Plaintiff had been able to show an unreasonable delay, Plaintiff has not alleged sufficient prejudice to state a claim under 5 U.S.C. § 706. The Complaint alleges that Plaintiff has not been about to (1) "establish roots" in the United States, (2) have continuous and permanent work, and (3) participate in study abroad opportunities or travel abroad to attend to personal commitments outside of the United States as leaving the United States would jeopardize his intent to become a permanent resident. [ECF No. 1 ¶ 17]. These alleged inconveniences do not establish prejudice. Indeed, "uncertainty and the ability to move forward with the normal course of life are inherent risks of engaging in the immigration process." *Osechas Lopez*, 2023 WL 152640, at *6. Accordingly, Plaintiff fails to allege a claim under the APA.

## CONCLUSION

Based on the foregoing, it is **ORDERED AND ADJUDGED** as follows:

1. Defendants' Motion to Dismiss Plaintiff's Complaint, [ECF No. 14], is **GRANTED.**
2. Plaintiff's Petition for Writ of Mandamus, [ECF No. 1], is **DISMISSED without prejudice.**

3. This action is **CLOSED** for administrative purposes, and all pending motions are **DENIED as MOOT.**

**DONE AND ORDERED** in Chambers at Miami, Florida, this 21st day of November, 2023.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE